124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Speights LUSTER, Defendant-Appellant.
 No. 97-50085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-89-00242-JMI-1; James M. Ideman, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alan Speights Luster appeals pro se the district court's denial of his motion to vacate the restitution order of $238,560 imposed upon him following his 1990 conviction for counterfeit access device offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Luster contends that the district court erred by denying his motion to vacate the restitution order because the restitution obligation extended beyond the five-year limitation period set forth in 18 U.S.C. § 3663(f)(2)(B). We disagree.
 
 
 4
 "We review the legality of a sentence, including an order of restitution, de novo." United States v. Reed, 80 F.3d 1419, 1421 (9th Cir.), cert. denied, 117 S.Ct. 211 (1996). At the time of Luster's sentencing, the district court could order that restitution payments be made within a certain period, with such period ending no later than "five years after the end of the term of imprisonment imposed." See 18 U.S.C. § 3663(f)(2)(B) (repealed 1996).
 
 
 5
 Although five years have elapsed since Luster's release on October 27, 1991 from his underlying conviction, the district court imposed a term of 24 months imprisonment in December 1994 following revocation of Luster's supervised release. Thus, the district court retains authority to demand restitution because the "term of imprisonment" includes Luster's term for revocation of supervised release. Assuming that the restitution order is only enforceable for the five-year period following Luster's release, that period has not yet expired. Cf. United States v. Etherton, 101 F.3d 80, 81 (9th Cir.1996) (holding that "term of imprisonment" under 18 U.S.C. § 3582(c) includes term imposed upon revocation of supervised release because it is not punishment for new substantive offense, but execution of the original sentence).
 
 
 6
 Accordingly, the district court did not err by denying Luster's motion to vacate the restitution order. See Reed, 80 F.3d at 1421; 18 U.S.C. § 3663(f)(2)(B).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3