**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Gregory Alan ETHERTON,
Defendant–Appellee.**

No. 95–30381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 19, 1996.

Decided Nov. 18, 1996.

Lisa Simotas, United States Department of Justice, Washington, D.C., for plaintiff-appellant.

Wendy Willis, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellee.

Before: PREGERSON, BOOCHEVER and T.G. NELSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

The United States appeals the district court's reduction of the prison term imposed on Gregory Alan Etherton ("Etherton") following the revocation of his supervised release to time served. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In February of 1991 Etherton pleaded guilty to a one-count information charging him with conspiracy to manufacture and distribute more than 50 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The marijuana equivalency guidelines in effect at the time treated each marijuana plant as equivalent to one kilogram of dry marijuana. Etherton's 683 marijuana plants were thus equivalent to 683 kilograms of dry marijuana. [ER 9] See U.S.S.G. § 2D1.1(c) (Nov.1994) (amended 1995). After adjustments, the final guideline range called for 51–63 months in prison.

The district court sentenced Etherton to 51 months in prison to be followed by a three-year term of supervised release subject to standard and special conditions. [ER 6–7] Etherton completed his prison term and began serving his supervised-release term in March 1995. Three months later, Etherton's probation officer informed the district court that Etherton had violated his release conditions. Following a hearing at which Etherton admitted to violating the terms of his supervised release, the district court revoked Etherton's supervised release and sentenced him to seven months in prison.

In November of that year the Sentencing Commission issued a retroactive amendment reducing the marijuana plant equivalency ratio to treat each marijuana plant as equivalent to 100 grams of marijuana. U.S.S.G. §§ 1B1.10, 2D1.1(c)(E) (Nov.1995). Etherton filed a motion pursuant to 18 U.S.C. § 3582(c) requesting that the district court reduce his release-violation prison term to time served. Section 3582(c)(2) grants the court discretion to modify a previously imposed term of imprisonment, when the sentencing range has subsequently been lowered by the Sentencing Commission.

The district court held a hearing at which the Government argued that section 3582(c) did not grant the court authority to reduce the sentence for the supervised-release violation. The court issued a summary order reducing the seven-month term to time served.

## II.  ANALYSIS

■ The question presented is whether the district court had discretion under section 3582(c)(2) to reduce Etherton's sentence pursuant to the revocation of supervised release. Section 3582(c)(2) provides in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ..., the court may reduce the term of imprisonment....

The sentencing range for Etherton's underlying offense, conspiracy to manufacture and distribute marijuana, was substantially reduced when the Sentencing Commission amended the marijuana plant equivalency ratio. Under the original guidelines, Etherton served 51 months, the minimum sentence for a base level of 28 with six points of reduction and a criminal history score of III. He was then subject to three years supervised release. Under the amended guidelines, Etherton's base level would be 22, which, with the same reductions, would call for a sentence of 27–33 months. See U.S.S.G. § 1B1.10(b) (Nov.1995) ("In determining whether ... a reduction ... is warranted ... under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed" under the amended guidelines.).

■ The seven months imprisonment is not punishment for a new substantive offense, rather "it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of ... supervised release." United States v. Paskow, 11 F.3d 873, 881 (9th Cir.1993). We held in Paskow that "a term of supervised release ... is 'simply part of the whole matrix of punishment which arises out of a defendant's original crimes.'" Id. at 883 (citation omitted). Moreover, in Koon v. United States, — U.S. —, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court recognized that even in this era of the Sentencing Guidelines, district courts retain broad sentencing discretion. — U.S. at —, 116 S.Ct. at 2046 ("[a] district court's decision ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court"). In light of Paskow and the sentencing discretion granted to district courts in Koon, we interpret the statute's directive that "the court may reduce the term of imprisonment" as extending to the entirety of the original sentence, including terms of imprisonment imposed upon revocation of supervised release.

Because Etherton had been sentenced "based on a sentencing range that has subsequently been lowered," the court had authority to exercise its discretion to reduce the sentence under section 3582(c)(2). In the

short order reducing the sentence, the court referred to the defendant's motion under 18 U.S.C. § 3582(c) *without specifying a subsection.* The only applicable portion of section 3582(c) is subsection (2), which specifies that the court "may reduce the term of imprisonment." On the basis of that reference, it is apparent that the court exercised its discretion, as authorized by the statute, in reducing the sentence.

Alternatively, Etherton argues that the district court had authority to reduce his sentence under 18 U.S.C. § 3585(b) by giving him credit for the extra 24 months he served on his original sentence. Because we find that the district court properly exercised its discretion to reduce the sentence under 3582(c)(2), we need not reach this second argument.

Accordingly, we affirm.

T.G. NELSON, Circuit Judge, dissenting:

At the time Mr. Etherton was released by the district court, he had been sent back to prison for violating the terms of his supervised release. The statute the district judge relied on in releasing him provides that a district court may modify a term of imprisonment if it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2).

The error in the majority's analysis can be seen by asking and answering three simple questions:

1. What term of imprisonment was imposed on Mr. Etherton based on a sentencing range subsequently lowered by the Commission? Answer: Fifty-one months, pursuant to § 2D1.1(c).

2. What term of imprisonment was Mr. Etherton serving when released? Answer: Seven months for violation of supervised release, pursuant to § 7B1.4.

3. Was the sentencing range under § 7B1.4 lowered by the Commission? Answer: No.

The answers to these questions lead inexorably to the conclusion that the term of imprisonment for violation of supervised release was not subject to modification by the district court under § 3582(c)(2).

We are not free to ignore the terms of the statute by conflating "sentence" with "term of imprisonment." While it is correct to say that the incarceration imposed for violation of supervised release can be considered to be an element of the original *sentence,* by no stretch of logic, language or precedent can Mr. Etherton's later incarceration be considered part of the original *term of imprisonment* based on a sentencing range lowered by the Commission. The seven-month term was separately imposed and was to be separately served based on considerations having nothing to do with the marijuana plant equivalency addressed in Amendment 516.

The district court lacked authority to reduce the term of imprisonment imposed for violation of supervised release. The district court's unquestioned discretion in sentencing matters cannot supply statutory authority to reduce a term of imprisonment which is otherwise lacking. Allowing defendants to bank time served in this manner removes any incentive for complying with the terms of supervised release.

I respectfully dissent.