# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 08-2177

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY FORMAN,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-CR-20019-002—**Michael P. McCuskey**, *Chief Judge.*

---

No. 08-2192

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARVIN CHILDRESS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:01 CR 98—**James T. Moody**, *Judge.*

---

No. 08-2248

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TROY FULLER,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 03-20078—**Michael P. McCuskey**, *Chief Judge.*

————————

No. 08-2629

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT GAINES,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 93 CR 350-8—**Marvin E. Aspen**, *Judge.*

————————

No. 08-3063

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARCO D. MCKNIGHT,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-10060—**Joe Billy McDade**, *Judge.*

---

SUBMITTED DECEMBER 22, 2008*—DECIDED JANUARY 22, 2009

---

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Late last year the Sentencing Commission reduced the base-offense levels for crack-cocaine offenses and made the changes retroactive. *See* U.S.S.G. § 2D1.1(c); U.S.S.G., Supp. to App. C 226-31 (2008) (Amendment 706). Since then scores of convicted crack offenders have returned to the district courts to request sentence reductions under 18 U.S.C. § 3582(c)(2). But not everyone is eligible; we have consolidated for decision five appeals,

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

each from a denial of a motion under § 3582(c)(2), that illustrate several common barriers to sentence modification.

Section 3582(c)(2) permits a court to reduce the term of imprisonment if the defendant's sentencing range "has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If that first condition is not met, a district court lacks subject-matter jurisdiction to consider the movant's request for a sentence reduction under § 3582(c)(2). *United States v. Poole*, No. 08-2328, 2008 WL 5264410, at *2-3 (7th Cir. Dec. 19, 2008); *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008). As for the second condition, Application Note 1(A) of U.S.S.G. § 1B1.10 provides that a reduction is inconsistent with that policy statement if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.,* a statutory mandatory minimum term of imprisonment)."

The operation of a statutory provision is what foils Troy Fuller's appeal. In September 2003 he pleaded guilty to possession with intent to distribute crack, *see* 21 U.S.C. § 841(a)(1), and conspiracy to commit money laundering, *see* 18 U.S.C. § 1956. The guidelines sentencing range was 324 to 405 months, but the government moved for a shorter sentence in light of Fuller's substantial assistance. *See* U.S.S.G. § 5K1.1. The district court granted the motion and imposed a sentence of

120 months—the statutory minimum. 21 U.S.C. § 841(b)(1)(A)(iii). Five years later Fuller asked the district court to reduce his sentence further under § 3582(c)(2). The court denied his request because Amendment 706 did not reduce Fuller's *applicable* guidelines range; he had already received the lowest sentence possible.

Fuller appeals, insisting that he is entitled to a sentence reduction below the statutory minimum on the basis of his previous cooperation with the government. He is mistaken. Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum. *See Kimbrough v. United States*, 128 S.Ct. 558, 574 (2007) ("[A]s to crack cocaine sentences in particular, we note [that] district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act."); *Poole*, No. 08-2328, 2008 WL 5264410, at *2-3; *United States v. Green*, 532 F.3d 538, 546 n.8 (6th Cir. 2008); *United States v. Black*, 523 F.3d 892, 892-93 (8th Cir. 2008). Indeed, apart from two exceptions that do not come into play here—18 U.S.C. § 3553(e) and (f)—a district court can never impose a sentence below the statutory minimum. *See United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003).

Marco McKnight faces a different obstacle: he already served his original sentence in full. In 2002 McKnight pleaded guilty to possession with intent to distribute crack, *see* 21 U.S.C. § 841(a)(1), for which he received a sentence of 60 months. He served the sentence and was released, but the court revoked his supervised release in 2006 when he failed a series of drug tests. For those

fresh violations, the court ordered 60 months' reimprisonment. Then came Amendment 706, and McKnight urged the court to reduce his sentence on the ground that his reimprisonment term is "simply part of the whole matrix of punishment" for his original crack offense. The court disagreed, noting that "the crack cocaine amendment . . . has no direct effect upon the supervised release revocation sentence which he is now serving." What is more, the court continued, "[t]he Sentencing Commission has also clearly stated that only defendants imprisoned as a result of an 'original' sentence qualify for a § 3582(c)(2) sentence reduction." *See* U.S.S.G. § 1B1.10, cmt. n.4(A).

On appeal McKnight renews his contention that his reimprisonment term is an extension of his original sentence and that therefore he is entitled to a sentence reduction after Amendment 706. He reasons that his initial term of supervised release (eight years) was imposed at the same time as his original prison sentence, so the revocation of that release—and the attendant reimprisonment term—are all one and the same for the purposes of § 3582(c)(2). Not so. As the district court recognized, Application Note 4(A) to U.S.S.G. § 1B1.10 anticipates—and forecloses—that argument: "This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

McKnight relies on *United States v. Etherton*, 101 F.3d 80, 81 (9th Cir. 1996), which held that § 3582(c)(2) permitted a district court to reduce a reimprisonment term based

solely on a retroactive change in the guidelines that lowered the base offense level for the underlying offense. But *Etherton* sought to answer a question left open by the guidelines in effect at the time. One year later, in 1997, the Sentencing Commission filled the gap with Application Note 4(A), and no court has relied on *Etherton* since.

We turn to Gregory Forman, who in 2002 pleaded guilty to possession with intent to distribute crack. *See* 21 U.S.C. § 841(a)(1). Given the amount of crack attributed to him, his base offense level would have been 28. *See* U.S.S.G. § 2D1.1(c) (2002). But Forman was also a career offender, a classification that increased his base offense level to 34 and placed him in criminal history category VI. *See id.* § 4B1.1. That combination produced a guidelines range of 262 to 327 months, and the court imposed 262 months' imprisonment.

In 2008 Forman asked the district court to reduce his sentence pursuant to § 3582(c)(2) in light of Amendment 706. The court appointed a federal defender to represent him. Counsel moved to withdraw after concluding that the amendment did not lower Forman's applicable guidelines range, which, according to counsel, was driven entirely by Forman's career-offender status. The court granted the motion to withdraw but nevertheless invited Forman to explain, pro se, how Amendment 706 benefits him. Forman responded and moved the court to appoint him another attorney. A week later the court denied both of Forman's motions, writing that "this court agrees with Defendant's counsel that, because Defendant was sentenced upon the applicable career offender guideline

range rather than the crack cocaine guideline range, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing."

Forman challenges the denial of his § 3582(c)(2) motion and the denial of his motion to (again) appoint counsel. He cannot prevail in his pursuit of a lesser sentence because Amendment 706 provides no benefit to career offenders. *See United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008)*; United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008); *see also Harris*, 536 F.3d at 813 ("[A] sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines."). Forman's guidelines range was 262 to 327 months before Amendment 706, and it remains so. Here, "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"—namely the career-offender provision. U.S.S.G. § 1B1.10, cmt. n.1(A).

As for the denial of Forman's motion to appoint additional counsel, there is no right to counsel when bringing a motion under § 3582(c)(2). *See, e.g., United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir. 1999), *cert. denied*, 528 U.S. 1023 (1999); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d

1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 463-65 (2d Cir. 1995).

We turn to Marvin Childress, who in 2002 pleaded guilty to distributing crack and was sentenced to 135 months. *See* 21 U.S.C. § 841(a)(1). The district court denied Childress's § 3582(c)(2) motion; Childress had been held accountable for at least 4.5 kilograms of crack cocaine at sentencing and therefore Amendment 706 would not affect his sentence.

On appeal Childress challenges the court's drug-quantity finding. He points to his plea agreement, which states that he was accountable only "for distributing more than 1.5 kilograms of cocaine base." But the court, on the basis of the calculations in the presentence investigation report, found that Childress was accountable for "at least 17.1 kilograms of crack cocaine." As he was advised at his plea colloquy, the drug quantity stated in the plea agreement did not bind the court. *See* U.S.S.G. § 6B1.4(d) (parties can stipulate to facts as part of plea agreement, but court is not obligated to accept stipulation); *see also United States v. Williams*, 198 F.3d 988, 994 (7th Cir. 1999). Moreover, he could not benefit from Amendment 706 because that amendment affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(1). Because the sentencing court found him responsible for 4.5 kilograms or more, Childress's base offense level remains 38 under the current version of § 2D1.1(c)(1) and a sentence reduction is not authorized. *See id.* § 1B1.10(a)(2)(B).

Finally we have Robert Gaines, who is serving a 360-month prison sentence for dealing crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). After the district court denied his § 3582(c)(2) motion, which was based on Amendment 706, Gaines moved to reduce his sentence on the basis of an entirely different 1994 amendment, which had reduced the base offense level for drug crimes involving 1.5 or more kilograms of crack. *See* U.S.S.G. app. C vol. I, Amend. 505. The government recommended that Gaines receive the benefit of Amendment 505, which would reduce the low end of his imprisonment range from 360 to 262 months, but the district court, in a one-sentence order, responded that "Gaines' motion for sentencing reduction and full re-sentencing hearing is denied."

The district court's order does not comply with Circuit Rule 50, which requires that whenever a district court resolves a claim on the merits or terminates the litigation in its court, "the judge shall give his or her reasons, either orally on the record or by written statement." Noncompliance with this rule does not always prevent us from reviewing a district court's decision; the court's reasoning may be apparent from the record. *E.g., Ross Bros. Constr. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002). But this is not such a case. In fact the United States has confessed error and suggested that the district court may not have evaluated Gaines's motion. We cannot determine this, and so the appropriate remedy for the violation of Rule 50 is a limited remand, directing the district court to explain the reasons for its decision. *W. States Ins. Co. v. Wis. Wholesale Tire, Inc.*, 148 F.3d 756, 759-60 (7th Cir. 1998).

Accordingly, we issue a LIMITED REMAND in Gaines's case, but we AFFIRM the judgments in *Fuller*, *McKnight*, *Forman*, and *Childress.*