

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# USA v. Dennis Sprigg

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Dennis Sprigg" (2009). *2009 Decisions.* Paper 1237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3223
_____

UNITED STATES OF AMERICA

v.

DENNIS SPRIGGS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-246)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:   FUENTES, JORDAN and NYGAARD, *Circuit Judges.*

(Filed on June 04, 2009 )

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Dennis Spriggs appeals the denial by the United States District Court for the

Middle District of Pennsylvania of his motion to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2). Because the District Court correctly determined that it did not have authority to reduce Spriggs's sentence, we will affirm.

## I. Background

Spriggs pled guilty to distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court determined that Spriggs was a career offender under the United States Sentencing Guidelines, set his offense level based on the career offender table at U.S.S.G. § 4B1.1, and sentenced him to ninety-six months in prison. Spriggs filed a motion under 18 U.S.C. § 3582(c)(2) to have his sentence reduced based on the recent amendments to the Sentencing Guidelines that retroactively lowered the base offense level for crack cocaine offenses. The District Court denied his motion, stating simply that "[d]ue to defendant's status as a career offender, the guideline range remains the same." (App. 3.) Spriggs filed a timely notice of appeal and contends that the District Court erred in denying his motion.

## II. Discussion[1]

When a defendant files a motion for a sentence reduction under 18 U.S.C. § 3582(c), the district court conducts a two-step analysis. First, it determines whether the defendant "has been sentenced to a term of imprisonment based on a sentencing range

---

[1] Under 18 U.S.C. § 3231, the District Court had jurisdiction to consider the effect of the Sentencing Guidelines amendments on Spriggs's sentence. *See United States v. Mateo*, — F.3d —, 2009 WL 750411, *2 n.1, *3 (3d Cir. March 24, 2009). We have jurisdiction to review the District Court's denial of Spriggs's motion pursuant to 28 U.S.C. § 1291.

that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant's sentencing range has not been lowered, the district court is not authorized to reduce the sentence and must deny the motion. *See* 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). If the defendant's sentencing range has been lowered, the district court is to consider the § 3553(a) factors and the applicable policy statements in the Sentencing Guidelines in deciding whether to exercise its discretion to reduce the defendant's sentence. 18 U.S.C. § 3582(c)(2).

Because the first step required the District Court to interpret the Sentencing Guidelines, we review *de novo* its decision at that step of the analysis. *See United States v. Williams*, 344 F.3d 365, 377 (3d Cir.2003). As the second step involved the exercise of the District Court's discretion, we review that portion of the analysis for abuse of discretion. *See Mateo*, — F.3d —, 2009 WL 750411, *2 n.2.

As we recently explained in *United States v. Mateo*, the crack cocaine amendments did not lower the sentencing ranges of defendants who were sentenced on the basis of their status as career offenders. *Mateo*, — F.3d —, 2009 WL 750411, *3. (The amendment to the crack cocaine guidelines "simply 'provides no benefit to career

3

offenders'") (quoting *United States v. Forman*, 553 F.3d 585, 589 (7th Cir, 2009)).

Because Spriggs's sentence range was based on his status as a career offender, it was not lowered by the crack cocaine amendments, and the District Court was not authorized to reduce his sentence. The District Court properly denied Spriggs's motion at step one and did not need to continue to the second part of the analysis.

## III. Conclusion

Because the District Court correctly determined that it did not have authority to reduce Spriggs's sentence, we will affirm.