A. Schultz, P.C., Evanston, IL, for Plaintiff–Appellant.

Edward J. Kristof, Attorney, Social Security Administration Office of The Regional Chief Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before FRANK H. EASTERBROOK, Chief Judge, ILANA DIAMOND ROVNER, Circuit Judge and DIANE S. SYKES, Circuit Judge.

### Order

Ramona Jolivette's application for Social Security disability benefits was denied administratively, and again by an administrative law judge after a hearing. The district court concluded that the ALJ's decision is supported by substantial evidence. 2008 WL 4460382 (W.D.Wis. Sept. 30, 2008).

■ We affirm for substantially the reasons given by the district judge. Jolivette's principal appellate argument—that the ALJ erred by failing to discuss Listing 1.04A—does not tackle the district court's observation that the ALJ discussed all elements of the Listing. It is not necessary to cite a regulation by number; the agency's obligation is to apply the law to the facts, and this ALJ did so by covering each ingredient of Listing 1.04A.

■ Jolivette also contends that the ALJ erred by failing to "qualify" the non-attorney representative who accompanied Jolivette to the hearing. We may assume that this is so; the representative was not a well-informed or effective advocate for Jolivette's position. Still, as the district court observed, Jolivette has not established any prejudice from this omission. The ALJ developed the record independently rather than stopping with the information that Jolivette's representative offered. Jolivette does not contend that, had the ALJ ejected the representative

from the hearing, she would have asked for a continuance in order to hire a lawyer or a better lay representative. Nor does Jolivette explain what a different representative could have done on her behalf that the ALJ did not do at the actual hearing. Jolivette's brief says that a better representative would have alerted the ALJ to Listing 1.04A and ensured that the ALJ covered its requirements; since the ALJ *did* cover this subject, another hearing would be pointless. The same can be said in response to Jolivette's assertion that a better representative would have called the ALJ's attention to her psychologist's conclusions.

The district court's lengthy opinion covers all of Jolivette's other arguments.

Affirmed.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Montie L. RUSSELL, Defendant–**
**Appellant.**

**No. 09–1121.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 29, 2009.

Decided June 11, 2009.

John G. McKenzie, Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

Montie L. Russell, Oxford, WI, pro se.

Before WILLIAM J. BAUER, Circuit Judge, RICHARD D. CUDAHY, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

## ORDER

In the early 1990s, Montie Russell was a ringleader of what we have previously described as an "extensive and relatively well-organized conspiracy to sell crack cocaine in Rockford, Illinois." *United States v. Russell,* 96 F.3d 1450 (7th Cir.1996) (Table) (slip op. at 1). In 1994, Russell was convicted of conspiracy to distribute crack cocaine, among other offenses. We upheld Russell's conviction on direct appeal. Our previous decision describes the nature of the drug trafficking conspiracy and Russell's involvement therein, so we will not recount these details again here.

Over ten years after Russell's conviction became final, the United States Sentencing Commission issued an amendment to the Sentencing Guidelines, which generally reduced the base offense levels applicable to crack offenses. U.S.S.G. app. C., Amend. 706. Previously, offenses involving 1.5 kilograms or more of crack cocaine would be assigned a base offense level of 38, the highest possible base offense level. Under the amended Guidelines, only offenses involving 4.5 kilograms or more of crack would be assigned a base level of 38.

In March 3, 2008, Amendment 706 was made retroactive. That same day, Russell filed a *pro se* motion for a sentence reduction under the amended Guidelines pursuant to 18 U.S.C. § 3582(c). The district court denied Russell's motion, finding that he was not eligible for a sentence reduction because his total offense level remained the same under the amended Guidelines. Our review is *de novo. See United States v. Ryerson,* 545 F.3d 483, 487 (7th Cir.2008).

As a general matter, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Goode,* 342 F.3d 741, 743 (7th Cir.2003) (holding that this limitation is jurisdictional). Sec-

tion 3582(c)(2) creates a limited exception to this rule, giving sentencing courts the discretion to reduce the term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." However, both the Guidelines themselves and our cases make it clear that this exception applies if *and only if* a defendant's Guidelines range has been lowered. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment ... is not authorized ... if ... [a]n amendment ... does not have the effect of lowering the defendant's applicable guideline range."). Thus, a sentencing court lacks the power to reduce the defendant's sentence under Section 3582(c)(2) when an amendment does *not* lower a defendant's sentencing range. *United States v. Forman*, 553 F.3d 585, 590 (7th Cir.2009) (per curiam).

Such was the case here. During Russell's initial sentencing hearing, the district court found that Russell was responsible for the sale of at least 5.5 kilograms of crack cocaine.[1] Thus, Russell cannot benefit from Amendment 706 because that amendment affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine. *Forman*, 553 F.3d at 590.

A note regarding jurisdiction. We have recently held that the language limiting the scope of Section 3582(c)(2) to defendants who were sentenced pursuant to a range that "has subsequently been lowered," is jurisdictional. *See United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008); *see also United States v. Poole*, 550 F.3d 676, 678 (7th Cir.2008). Strictly speaking, therefore, the appropriate reso-

lution of this case is the dismissal of the proceeding rather than the denial of the motion. Construing the district court's order as a dismissal for lack of jurisdiction, we AFFIRM.

---

1. Indeed, in addition to finding that Russell had sold 5.5 kilograms of crack cocaine in 1992, the court also found that he had sold 9 kilograms of an unspecified type of cocaine in 1993. While the court did not state with precision how much of this 9 kilograms was crack and how much powder, it estimated that 80 percent of sales by weight was crack.