NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2009
Decided June 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1121

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 93 CR 20024-05 |
| MONTIE L. RUSSELL, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

In the early 1990s, Montie Russell was a ringleader of what we have previously described as an "extensive and relatively well-organized conspiracy to sell crack cocaine in Rockford, Illinois." *United States v. Russell*, 96 F.3d 1450 (7th Cir. 1996) (Table) (slip op. at 1). In 1994, Russell was convicted of conspiracy to distribute crack cocaine, among other offenses. We upheld Russell's conviction on direct appeal. Our previous decision describes the nature of the drug trafficking conspiracy and Russell's involvement therein, so we will not recount these details again here.

Over ten years after Russell's conviction became final, the United States Sentencing Commission issued an amendment to the Sentencing Guidelines, which generally reduced the base offense levels applicable to crack offenses. U.S.S.G. app. C., Amend. 706. Previously, offenses involving 1.5 kilograms or more of crack cocaine would be assigned a

base offense level of 38, the highest possible base offense level. Under the amended Guidelines, only offenses involving 4.5 kilograms or more of crack would be assigned a base level of 38.

In March 3, 2008, Amendment 706 was made retroactive. That same day, Russell filed a *pro se* motion for a sentence reduction under the amended Guidelines pursuant to 18 U.S.C. § 3582(c). The district court denied Russell's motion, finding that he was not eligible for a sentence reduction because his total offense level remained the same under the amended Guidelines. Our review is *de novo. See United States v. Ryerson*, 545 F.3d 483, 487 (7th Cir. 2008).

As a general matter, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (holding that this limitation is jurisdictional). Section 3582(c)(2) creates a limited exception to this rule, giving sentencing courts the discretion to reduce the term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." However, both the Guidelines themselves and our cases make it clear that this exception applies if *and only if* a defendant's Guidelines range has been lowered. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment ... is not authorized ... if ... [a]n amendment ... does not have the effect of lowering the defendant's applicable guideline range."). Thus, a sentencing court lacks the power to reduce the defendant's sentence under Section 3582(c)(2) when an amendment does *not* lower a defendant's sentencing range. *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam).

Such was the case here. During Russell's initial sentencing hearing, the district court found that Russell was responsible for the sale of at least 5.5 kilograms of crack cocaine.[1] Thus, Russell cannot benefit from Amendment 706 because that amendment affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine. *Forman*, 553 F.3d at 590.

A note regarding jurisdiction. We have recently held that the language limiting the scope of Section 3582(c)(2) to defendants who were sentenced pursuant to a range that "has subsequently been lowered," is jurisdictional. *See United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008); *see also United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008). Strictly speaking, therefore, the appropriate resolution of this case is the dismissal of the proceeding rather than the denial of the motion. Construing the district court's order as a dismissal for lack of jurisdiction, we AFFIRM.

---

[1] Indeed, in addition to finding that Russell had sold 5.5 kilograms of crack cocaine in 1992, the court also found that he had sold 9 kilograms of an unspecified type of cocaine in 1993. While the court did not state with precision how much of this 9 kilograms was crack and how much powder, it estimated that 80 percent of sales by weight was crack.