NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 28, 2009*
Decided June 16, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

**No**. 08-4263

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

**v.**

SOLOMON MONTAGUE,
    *Defendant-Appellant*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Western Division.

No. 97 CR 50026-2
Philip G. Reinhard, *Judge*.

**Order**

Solomon Montague is serving a sentence of life imprisonment for crack-cocaine offenses. We affirmed his conviction and sentence in *United States v. Cavender*, 228 F.3d 792 (7th Cir. 2000). After the Sentencing Commission reduced the Guideline range for crack cocaine (see Amendment 706) and made that change retroactive (see Amendments 711 and 715), Montague asked the district court to reduce his sentence. He appeals from the order denying that motion.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Montague's sentence of life imprisonment is the statutory minimum for someone with his criminal history who distributes more than 50 grams of cocaine base, 21 U.S.C. §841(b)(1)(A)(iii), as the district court found that he did. A change to the Guideline range does not authorize a sentence below a statutory floor. *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009). This makes it unnecessary to address Montague's argument that the Constitution required the Sentencing Commission to draft Amendment 506 more favorably to defendants. No change that the Commission could have made would have offered Montague any benefit. (A mandatory minimum sentence, based on judicial findings, is compatible with the Constitution, see *Harris v. United States*, 536 U.S. 545 (2002); *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and at all events Montague's time to contest that sentence on constitutional grounds expired long ago.)

AFFIRMED