OPINION OF THE COURT
FISHER, Circuit Judge.
Shawn Cuff appeals from the District Court’s judgment of sentence, arguing that the District Court committed procedural error by failing to consider the crack cocaine amendments to the United States Sentencing Guidelines when it sentenced him to twelve months of imprisonment for violating the terms of his supervised release. We will affirm.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
In 1998, Cuff pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and, in 1999, was sentenced to ninety months of imprisonment and a term of supervised release for those offenses. In August 2007, while Cuff was on supervised release, the United States Probation Office filed a petition in the United States District Court for the District of Delaware, asserting that he had recently been arrested for certain criminal conduct and, as a result, had violated a condition of his supervised release, namely, that he not commit another federal, state, or local crime. *163 In June 2008, Cuff pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and, in September of that year, the District Court held a sentencing hearing during which it addressed both his new conviction and the revocation of his supervised release. The District Court sentenced Cuff to 144 months of imprisonment for his conviction and an additional twelve months of imprisonment for his violation of supervised release to run consecutively.
Cuff filed a timely appeal from the judgment of sentence, challenging only the District Court’s decision to impose a twelvemonth term of imprisonment for his violation of supervised release.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a sentence imposed upon revocation of supervised release for reasonableness. See United States v. Bungar, 478 F.3d 540, 542 (3d Cir.2007). To this end, we must ensure that the district court committed no significant procedural error and, if it has not, that the sentence is substantively reasonable. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); see also United States v. Levinson, 543 F.3d 190, 195 (3d Cir.2008) (stating that on appellate review, we are “to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way”).
III.
Cuff argues that the District Court committed procedural error because, in imposing a twelve-month term of imprisonment upon the revocation of his supervised release, it failed to take into account that since his original sentence in 1999 the United States Sentencing Commission lowered the recommended Guidelines ranges for crack cocaine offenses under Amendment 706. Specifically, he contends that the District Court should have considered a lesser sentence for his supervised release violation because he did not have the opportunity to file a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) with respect to his first cocaine base offense, given that he had already served his full term of imprisonment, and that the District Court should have recognized this issue in considering the relevant Guidelines amendments and policy statements. We disagree.[1]
Cuff acknowledges that he did not make this argument to the District Court. In reaching an appropriate sentence, a district court must address any “colorable arguments” that the parties may have asserted, United States v. Sevilla, 541 F.3d 226, 232 (3d Cir.2008), but “is not required to manufacture grounds for the parties or search for grounds not clearly raised on the record in a concise and timely manner,” United States v. Dragon, 471 F.3d 501, 505 (3d Cir.2006). See United States v. Cooper, 437 F.3d 324, 332 (3d Cir.2006) (stating that the district court should consider “any sentencing grounds properly raised by the parties”). Here, the District Court adequately addressed the parties’ arguments and did not err by failing to identify sua sponte the specific argument that Cuff now asserts for the first time on appeal.[2] See, e.g., Dragon, 471 F.3d at 505.
*164 In addition, Cuffs argument rests on the faulty premise that the District Court, under the circumstances of this case, should have considered U.S.S.G. § 1B1.10 as an “applicable” or “pertinent” policy statement when imposing sentence for his violation of supervised release.[3] See generally 18 U.S.C. § 3553(a)(4)(B), (a)(5) (stating that a district court must consider the pertinent policy statements that the United States Sentencing Commission promulgates under 28 U.S.C. § 994(a)(2) and (a)(3)). U.S.S.G. § 1B1.10 plainly applies only to a defendant who is currently “serving a term of imprisonment,” while Cuff, at the time of his supervised release revocation, had already been released from his term of imprisonment imposed in 1999. Moreover, the commentary to U.S.S.G. § 1B1.10 states: “Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.” U.S.S.G. § 1B1.10 cmt. n. 4; see, e.g., United States v. Forman, 553 F.3d 585, 588-89 (7th Cir.2009) (rejecting the argument that Amendment 706 entitled the defendant, who had already served his full term of imprisonment, to a reduced sentence for violating his supervised release). And Cuffs reliance on certain commentary pertaining to motions for early termination of supervised release is misplaced because, as he acknowledges, he “was not before the District Court in any fashion for an early termination or modification of supervised release.” (Appellant’s Br. 13.) Thus, Cuff fails to establish any error on the part of the District Court and we reject his argument to the contrary.
IV.
For the foregoing reasons, we will affirm the District Court’s judgment of sentence.

. Cuff does not challenge the substantive reasonableness of his sentence and we discern no substantive error as to his sentence.

. Cuff also makes several passing references on appeal to Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), but, again, he did not previously chai- *164 lenge the crack/powder cocaine disparity with respect to his sentence for violating supervised release, nor is there is any indication in the record that the District Court believed it was unable to vary below the recommended Guidelines range on that ground.

. U.S.S.G. § 1B1.10(a) states in relevant part that where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual” listed in that section, the district court may reduce the defendant’s term of imprisonment under 18 U.S.C. § 3582(c)(2). At the time Cuff was sentenced for his supervised release violation, U.S.S.G. § 1B1.10(c) included Amendment 706.