NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2009
Decided August 6, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3080

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br> v. <br><br> ALEJANDRO JIMENEZ, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 CR 866-1 <br><br> Wayne R. Andersen, <br> *Judge.* |

**O R D E R**

Alejandro Jimenez pleaded guilty to distribution of cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 60 months' imprisonment. Jimenez filed a notice of appeal, but his appointed lawyer has moved to withdraw because after review of the record he states he has been unable to discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Jimenez to respond to counsel's submission, *see* CIR. R. 51(b), but he has failed to do so. We limit our review to the issues considered in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel tells us that Jimenez does not want his guilty plea vacated, and so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel identifies just one potential argument: whether Jimenez might challenge the reasonableness of his prison sentence. But because he distributed more than 500 grams of cocaine, Jimenez was subject to a mandatory minimum imprisonment term of 60 months. *See* 21 U.S.C. § 841(b)(1)(B). Aside from two exceptions that do not apply here—18 U.S.C. § 3553(e) and (f)—a district court is not permitted to impose a sentence below the statutory minimum. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009). Any challenge to the sentence would be frivolous.

Accordingly, counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.