**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2756

UNITED STATES OF AMERICA

v.

KEITH BOLT,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-92-cr-00460-001
District Judge: The Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2010

Before: AMBRO, SMITH, and ALDISERT, *Circuit Judges*

(Filed: April 27, 2010)

OPINION

SMITH, *Circuit Judge.*

On April 2, 1993, Keith Bolt pleaded guilty to possessing crack cocaine

1

with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  The District Court sentenced him to 84 months of imprisonment, the minimum sentence under the applicable 84 to 105 months Sentencing Guidelines range, followed by four years of supervised release.  His supervised release term commenced on January 31, 2001.

In May of 2009, the Government filed a third petition for revocation of supervised release based on four violations: (1) Bolt's failure to register as a sex offender in New Jersey, as required by Megan's Law; (2) his attempt to cash a fraudulent cashier's check; (3) his failure to truthfully answer all of his probation officer's inquiries; and (4) his failure to report to his probation officer.  Pursuant to a plea agreement, the Government agreed to dismiss the other three charges if Bolt pleaded guilty to failing to report to his probation officer.  On June 8, 2009, Bolt appeared before the District Court and admitted that he had failed to report to his probation officer.  The Court revoked his supervised release.  After determining that the applicable Guidelines range was 7 to 13 months of imprisonment, the District Court sentenced Bolt to 10 months, to be followed by an additional year of supervised release.

Bolt appeals from that sentence, arguing that the District Court's sentence was procedurally unreasonable.  We will affirm the judgment of the District

Court.[1]

We review Bolt's sentence for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). A revocation of supervised release is procedurally reasonable when the record demonstrates that the sentencing court gave meaningful consideration to the 18 U.S.C. § 3553(a) factors referenced in 18 U.S.C. § 3583(e). *Bungar*, 478 F.3d at 543-44. A district court need not discuss a defendant's clearly nonmeritorious arguments, or otherwise "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* at 543 (internal citations and quotation marks omitted); *see also United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006) (noting that the record must show "a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments").

Bolt argues that the sentence imposed following the third revocation of supervised release was procedurally unreasonable because the District Court failed to meaningfully consider the fact that his original, 84-month sentence of imprisonment was allegedly 14 months longer than necessary in light of the Sentencing Commission's 2008 amendment to the Sentencing Guidelines for crack

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3583(e). This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

cocaine offenses. *See* U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. to App. C 226-31 (2008) (Amendment 706). He claims that the District Court was required to recognize this additional 14 months of imprisonment in considering the § 3553(a) factors when sentencing him on his third revocation of supervised release. We disagree.

Bolt's argument that the District Court should have considered the retroactivity of the amendments for crack cocaine offenses clearly lacks merit as it is expressly foreclosed by Application Note 4(A) of U.S.S.G § 1B1.10. That Application Note clarifies that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [U.S.S.G. § 1B1.10.]" The Application Note specifically states that retroactive application of an amendment to the Sentencing Guidelines "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10; *see also United States v. Forman*, 553 F.3d 585, 588-89 (7th Cir. 2009) (rejecting argument that Amendment 706 entitled defendant, who had already served his full term of imprisonment, to a reduced sentence for violating supervised release).

Bolt's argument that the District Court should have considered the retroactivity of the amendments in considering his history and characteristics as well as the need to avoid unwarranted sentence disparities is also flawed. The

purpose of revocation of supervised release is to sanction the defendant's "breach of trust" for violating the conditions of supervised release. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). This objective is distinct and independent from the purposes of the original sentence. *Id.*

Thus, the crack cocaine amendment has no application to the term of his supervised release, which was revoked by a District Judge who was familiar with Bolt's case history and sentenced him for his breach of trust in violating the conditions of his supervised release. After noting its familiarity with Bolt's history, particularly his original crime 16 years ago and his subsequent supervised release violations, the District Court concluded that Bolt needed "to get his life together." The record, which demonstrates the District Court's knowledge of Bolt's history, the arguments presented by Bolt's attorney at the revocation hearing, and the statements made by the District Court immediately before pronouncing Bolt's sentence, makes clear that the District Court took the relevant § 3553(a) factors into account in sentencing.

Accordingly, we will affirm the judgment of the District Court.