DLD-241                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1648
_____

UNITED STATES OF AMERICA

v.

JOHN BAX
a/k/a POWERFUL,

John Bax,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 93-00117)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion filed:  July 13, 2010)
_____

OPINION
_____

PER CURIAM

        Appellant John Bax, a federal prisoner incarcerated at the Federal Correctional

Institution at McKean in Bradford, Pennsylvania, appeals the order entered by the United States District Court for the Middle District of Pennsylvania denying his motion to modify the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

Bax was convicted in 1993 of conspiracy to manufacture and distribute cocaine and crack. He was sentenced to serve 286 months in prison under the career offender guidelines.[1] We affirmed Bax's conviction and sentence in 1994. Since then, Bax has unsuccessfully challenged his conviction and sentence pursuant to 28 U.S.C. §§ 2255, 2244 and 2241, and Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c)(1)(A)(I).

In February 2009, Bax filed a motion to modify his prison term pursuant to 18 U.S.C. § 3582(c)(2). He claimed that the court should shorten his sentence in light of Amendment 706 of the United States Sentencing Guidelines ("U.S.S.G."), which generally reduced the base offense level ("BOL") for drug convictions involving crack cocaine by two levels. He also claimed that his sentence should be lowered based on his rehabilitation while in prison.

The District Court denied Bax's § 3582(c)(2) motion. Relying on United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), the court concluded that it lacked authority to modify

---

[1] The sentencing court determined that the amount of crack cocaine involved amounted to between five and fifty grams, resulting in a BOL for Bax of 26. As a career offender, however, his base offense level ("BOL") under § 4B1.1(b)(B) became 34. Bax's sentencing range, at a BOL of 34 and a criminal history of VI, was 262 to 327 months. Bax's sentence was roughly in the middle of that range.

Bax's sentence under Amendment 706 and its corresponding policy statement U.S.S.G. § 1B1.10, because the Amendment listed in subsection (c) did not have the effect of lowering Bax's applicable guideline range. The court determined that Bax's sentence range would remain the same because his career offender status raised the offense level to 34 and gave him a criminal history category of VI. The District Court also held that it could not grant relief based on Bax's rehabilitation claim because relief under § 3582(c) was limited to consideration of the effect of the retroactive amendment on a defendant's sentence. Bax filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because there is no substantial question on appeal, the District Court's order will be affirmed.

As the District Court properly determined, our holding in Mateo controls the result in Bax's case. In Mateo, we held that the District Court lacked authority under § 3582(c)(2) to reduce Mateo's 188-month sentence for distribution of crack cocaine based on Amendment 706 and § 1B1.10(a)(2)(B), because Mateo's ultimate sentencing range was determined by his career offender status, upon which Amendment 706 had no effect.[2] Mateo, 560 F.3d at 155. We discern no material distinction between Bax's case

---

[2] Bax's reliance on United States v. Corner, 598 F.3d 411 (7th Cir. 2010) (en banc), in his motion to reinstate the appeal is misplaced as it does not address the retroactive application of Amendment 706. The Seventh Circuit Court of Appeals has held that a defendant may not seek reduction in sentence pursuant to § 3582(c)(2) when Amendment 706 does not lower the defendants's sentencing range due to his career-offender status. See United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009).

and <u>Mateo</u>.  We also agree with the District Court that it lacked authority under

§ 3582(c)(2) to consider Bax's rehabilitation as a ground for modifying his sentence.  <u>See</u>

<u>United States v. Doe</u>, 564 F.3d 305, 309 (3d Cir. 2009) (holding that a district court lacks

jurisdiction to consider a sentence reduction pursuant to § 3582(c)(2) if a defendant fails

to show eligibility for relief under that provision).

Accordingly, we will affirm the judgment of the District Court.