**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 14, 2011
Decided November 14, 2011

Before

KENNETH F. RIPPLE, Circuit Judge

MICHAEL S. KANNE, Circuit Judge

DIANE S. SYKES, Circuit Judge

Nos.  07-2272, 07-3893, 07-3940 &
07-4010

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee*, | |
| v. | No. 04 CR 495 |
| TROY MARTIN, EDDIE BELL, JOHN BRAYBOY, MARIO TAYLOR and JEROME TERRELL, | Rebecca R. Pallmeyer, *Judge*. |
| *Defendants-Appellants*. | |

O R D E R

In a previous opinion, we affirmed the convictions of Troy Martin, Eddie Bell, John Brayboy and Mario Taylor, but ordered a limited remand so that the district court could "address the effect of both the 2007 Amendment to U.S.S.G. § 2D1.1 and *Kimbrough v. United*

*States*, 552 U.S. 85 (2007)."  *United States v. Martin*, 618 F.3d 705, 739 (7th Cir. 2010) (parallel citations omitted).

In the district court, Mr. Martin moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c); Messrs. Bell, Brayboy and Taylor all requested that the district court indicate that, had it understood its discretion to do so, it would have imposed lesser sentences to account for the Guidelines' disparate treatment of offenses involving crack and powder cocaine.  Mr. Taylor also argued that, although he was sentenced under the career offender guideline, the district court was free to deviate from that guideline as well, *see United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), and should do so in his case.

The Government opposed Mr. Martin's motion and urged the district court to decline the other defendants' requests.  The Government argued that Mr. Martin had not "explain[ed] how the change in the crack guideline benefits him."  R.2450 at 3.  The Government submitted that

> the Court should find that he is not eligible for a reduction under § 3582(c), because a defendant who is accountable for more than 4.5 kilograms of crack cocaine (the quantity needed to reach the highest base offense level, which is level 38, under the applicable, retroactive 2007 guidelines), is ineligible for relief.  *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009).

*Id*.

With respect to the remaining defendants, the Government maintained that a further reduction under *Kimbrough* was not warranted.  Turning to Mr. Taylor, the Government noted that Mr. Taylor's offense level was supported by the amount of *powder* cocaine for which he was responsible.  The Government further submitted that Mr. Taylor had failed to preserve his argument that the district court could deviate from the career offender guideline.  Nevertheless, his "degree of involvement . . ., his responsibility for a large amount of cocaine, and his criminal history all justify the Court's adherence to the career-offender guideline."  *Id.* at 7.  With respect to Mr. Brayboy and Mr. Bell, although they were sentenced, at least in part, with reference to the crack guideline, their sentences were amply justified by their lengthy criminal histories, which included murder (Mr. Brayboy) and use of weapons (Mr. Bell).  Finally, the Government argued that, although Mr. Martin was sentenced under the crack guideline, "the reasons for imposing the life sentence were unrelated to the crack/powder disparity."  *Id.* at 11.  Specifically, Mr. Martin had led the Mafia Insanes gang and had controlled the crack and heroin distribution in large parts of Chicago's west side.  Additionally, his criminal history included convictions for murder, aggravated battery and possession of firearms.  For all of these reasons, the Government

urged the district court to determine that it was satisfied with the defendants' sentences and was not inclined to revisit them.

    In considering the parties' submissions, the district court first noted

> that of the four Defendants involved here, only Troy Martin was sentenced prior to the effective date of the 2007 Amendment.  The sentences imposed on Defendants Bell, Taylor, and Brayboy all took account of that Amendment.  Moreover, . . . for two of these Defendants, the discretion recognized in *Kimbrough* is irrelevant: the Guidelines for Defendants Taylor and Brayboy were based on quantities of drugs other than [crack] cocaine.

R.2483 at 2.  With respect to Mr. Martin, the district court concluded that "the evidence readily supports a finding that Martin was responsible for distributing more than 4.5 kilograms of crack cocaine.  And the Guideline calculations placed him at an offense level higher than necessary to qualify for a life sentence."  *Id.* at 2-3 (citations omitted).  As to the *Kimbrough* issue, the court noted that, "[a]lthough the Guidelines dictated a lengthy sentence, the court is confident that Martin's sentence was driven by factors unrelated to the specific quantity of drugs, significant though it was."  *Id.* at 3.

Turning to the remaining defendants, the court rejected Mr. Bell's argument that, had it employed the powder cocaine guideline, as opposed to the crack guideline, he only would have received a sentence of 150 months.  It explained:

> What is apparent from the sentencing, however, is that the drug quantity drew little attention from the court in considering Mr. Bell's sentence.  Those calculations influenced the court's decision but only in the sense that, had powder cocaine quantities driven the calculation, the court would have begun with a lower Guideline range when it determined what sentence was reasonable, in light not only of the Guidelines, but also of § 3553 factors.  Under no circumstances would a sentence shorter than 300 months be appropriate. . . .

*Id.* at 5.  With respect to Mr. Taylor, the court agreed that there was no basis for revisiting his sentence because he had been sentenced based upon his distribution of powder cocaine.  Moreover, the court observed, Mr. Taylor's criminal history was "very troubling."  *Id.*  Finally, although the district court noted that Mr. Brayboy was sentenced under the crack cocaine guideline, Mr. Brayboy's "own calculations of the amount of *powder* cocaine for which he was responsible supported the same base offense level."  *Id.* at 6.  The court, therefore, concluded that

[h]ad the court been aware of its discretion to deviate from the 100:1 crack-to-cocaine ratio, it would nevertheless have imposed the same sentences on Defendants Martin and Bell.  The Guideline calculations for Defendants Taylor and Brayboy were determined by reference to powder cocaine, not crack cocaine, and their sentences, too, are amply supported by the record. The court declines to resentence any of these Defendants.

*Id.* at 7.

After the district court notified us of its determination, we invited the parties to file submissions addressing the appropriate disposition of the appeal in light of the district court's decision.  None of the parties acted on this invitation.[1]  Because the district court indicated that, had it been aware of its discretion to deviate from the crack cocaine guideline, it nevertheless would have imposed the same sentence on each of the defendants, the sentences of Mr. Martin, Mr. Bell, Mr. Brayboy and Mr. Taylor are affirmed.

AFFIRMED

---

[1]    Mr. Martin has not filed an appeal from the order of the district court of October 7, 2011.