NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 24, 2012[*]

Decided February 28, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| **No**. 11-3686 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| v. | No. 1:01-cr-10038-JBM-JAG-4 Joe Billy McDade, *Judge*. |
| LEVENCE SIMPSON, *Defendant-Appellant*. | |

**Order**

In 2008 LeVence Simpson asked the district court to reduce his sentence for distributing crack cocaine, after the Sentencing Commission reduced the sentencing ranges for that substance and made the change retroactive. The district court denied the motion, because Simpson's 240-month sentence is the statutory minimum, and the change in the Guideline ranges therefore did not affect him. We affirmed, for the same

---

[*]  This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

reason. *United States v. Simpson*, No. 08-2042 (7th Cir. Oct. 24, 2008) (nonprecedential disposition). See also *United States v. Forma*n, 553 F.3d 585 (7th Cir. 2009).

In 2010 the Sentencing Commission again reduced the ranges for crack-cocaine offenses (Amendment 750), and these changes were made retroactive effective November 1, 2011, by Amendment 759. Simpson filed another request for a sentence reduction. The district court denied this motion, and Simpson has appealed.

His appellate brief ignores the reason he lost in 2008 and again in the district court in 2011: His sentence is at the statutory minimum, so relief under 18 U.S.C. §3582(c)(2) is impossible. The Sentencing Guidelines simply do not matter to his sentence.

Simpson does contend that the 240-month sentence is invalid because it was not based on a jury's findings about the quantity of drugs that he distributed. The Supreme Court rejected this line of argument in *Harris v. United States*, 536 U.S. 545 (2002), holding that the *Apprendi* principle applies to maximum sentences but not minimum sentences. Beyond that is the fact that §3582(c)(2) does not authorize a collateral attack on the sentence. Its only function is to permit district judges to reduce a sentence when the Sentencing Commission has made a retroactive change to the Guidelines, and this change reduces the Guideline range for a particular prisoner. See *Dillon v. United States*, 130 S. Ct. 2683 (2010). The changes made by Amendments 750 and 759 do not affect Simpson's sentence, so the judgment of the district court is affirmed.