NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2010
Decided February 10, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2931

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-180-C-01 |
| KINYATA TALIAFERRO-REID, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

## O R D E R

Kinyata Taliaferro-Reid allowed her boyfriend, a street-level drug dealer, to store crack cocaine in her home. When he was arrested for drug trafficking, he directed authorities to Taliaferro-Reid's house, where he said they would find crack stashed in a bedroom cabinet. No drugs were found inside, but officers uncovered among the weeds in Taliaferro-Reid's backyard several baggies containing a total of 122.7 grams of crack and 56.6 grams of marijuana. Taliaferro-Reid later admitted that she hid the drugs there when she learned of her boyfriend's arrest.

Taliaferro-Reid pleaded guilty to possessing five grams or more of crack cocaine, and the district court sentenced her to 60 months' imprisonment, the mandatory minimum. *See* 21 U.S.C. § 844. Taliaferro-Reid appeals, but her appointed counsel seeks to withdraw

under *Anders v. California*, 386 U.S. 738 (1967), because she concludes that the appeal is frivolous. Taliaferro-Reid did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Taliaferro-Reid told counsel that she does not want her guilty plea vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel considers only one potential argument: whether Taliaferro-Reid could challenge the reasonableness of her sentence. At sentencing the district court properly calculated a guidelines imprisonment range of 97 to 121 months, but, after noting that a within-guidelines sentence "would be far in excess of the statutory purposes of sentencing," the court sentenced Taliaferro-Reid to the five-year mandatory minimum. *See* 21 U.S.C. § 844. Although there are two exceptions that permit a district court to impose a sentence below the statutory minimum, neither exception applied to Taliferro-Reid—the government had not moved for a sentence reduction on account of substantial assistance, *see* 18 U.S.C. § 3553(e), and Taliaferro-Reid's three criminal history points made her ineligible for safety-valve relief, *see id.* § 3553(f). Because the district court was constrained from sentencing Taliaferro-Reid to anything less than 60 months imprisonment, we agree with counsel that any challenge to the sentence would be frivolous. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.