**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2445
_____

UNITED STATES OF AMERICA

v.

CRAIG MABLE,
a/k/a Paradise

CRAIG MABLE,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-05-cr-00357-001
District Judge: The Honorable Yvette Kane


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges*,
and STEARNS, *District Judge*[*]

(Filed: January 31, 2011)


OPINION


STEARNS, *District Judge.*

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

On November 1, 2005, Craig Mable pled guilty in the Middle District of Pennsylvania to a one-count Superseding Information charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). The plea was entered pursuant to a written plea agreement. At a May 8, 2006 sentencing hearing, Chief Judge Kane determined that Mable was a career offender with an automatic criminal history category of VI and an adjusted total offense level of 29, yielding an advisory guideline range of 151-188 months. The United States moved for a departure from the Sentencing Guidelines based upon Mable's substantial assistance. The District Court granted the motion and imposed a sentence of 96 months.

After Mable's sentencing, the United States Sentencing Commission amended the Sentencing Guidelines by revising part of the drug quantity table. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Amendment 706 reduced the base offense levels for crack cocaine offenses in most cases by two levels. *See United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). In 2008, the Sentencing Commission made Amendment 706 retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008). On December 3, 2008, Mable filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). In an Order dated May 5, 2009, Chief Judge Kane denied Mabel's motion, explaining that Mable had been sentenced as a career offender under U.S.S.G. § 4B1.1, and not under crack cocaine Guideline § 2D1.1. This appeal followed.

Mable's counsel has now moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we explained that an *Anders* brief must demonstrate that counsel has "thoroughly examined

the record in search of appealable issues," and the brief must "explain why the [identified] issues are frivolous." Our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous."). If the review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Id.*

Counsel has fulfilled his obligation under *Anders*. His brief sets out the relevant facts of the case and correctly explains that the District Court's denial of Mable's § 3582(c)(2) motion is the only possible appealable issue. As counsel recognizes, because Mable was sentenced as a career offender, there is no merit to his appeal. As we concluded in *Mateo*, "Amendment 706 simply 'provides no benefit to career offenders.'" 560 F.3d at 155, quoting *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009). *See also Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) ("As noted, § 3582(c)(2) does not authorize a resentencing. Instead it permits a sentence reduction within the narrow bounds established by the Commission[] . . . 'and shall leave all other guideline application decisions unaffected.'") (quoting § 1B1.10(b)(1)).

Based on our own review of the record, we agree with Mable's counsel that there is no nonfrivolous issue meriting consideration on appeal. For that reason, we will affirm the order of the District Court denying Mable's § 3582(c)(2) motion for reduction of sentence and we will grant counsel's motion to withdraw. We certify that the issues

presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court.  3d Cir. L.A.R. 109.2(b).