In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3188

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMETRIUS G. JACKSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:98-cr-00006-RM—**Robert L. Miller, Jr.**, *Chief Judge.*

ARGUED APRIL 10, 2009—DECIDED JULY 13, 2009

Before BAUER, FLAUM and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* In 1998, Demetrius Jackson was convicted of possession with intent to deliver crack cocaine. Ten years later, Jackson moved to have his sentence retroactively amended pursuant to amended Sentencing Guideline § 2D1.1, which reduced the penalties for most crack cocaine drug offenses. The district court denied the motion, finding that it had no authority to modify the sentence because Jackson was sentenced

under the career offender provisions of the Guidelines, U.S.S.G. § 4B1.1, which were not amended. On appeal, Jackson claims that he no longer qualifies as a career offender and, thus, the district court erred in finding that he was ineligible for a sentencing reduction. We affirm.

## I. BACKGROUND

On June 2, 1998, a jury convicted Jackson of one count of possession with intent to deliver crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. At the time, Jackson had two prior felony convictions: a 1988 felony conviction for criminal recklessness and a 1993 felony conviction for reckless homicide. At Jackson's sentencing, the district court ruled that Jackson's criminal recklessness conviction did not constitute a crime of violence. As a result, the court found that Jackson had committed only one predicate offense and declined to enhance his sentence under the career offender provisions of the Sentencing Guidelines, U.S.S.G. § 4B1.1. The government appealed the district court's ruling, contending that Jackson's criminal recklessness offense did in fact constitute a crime of violence. We agreed and, finding that Jackson qualified as a career offender, vacated his sentence and remanded for re-sentencing. *United States v. Jackson*, 177 F.3d 628 (7th Cir. 1999). On remand, the district court re-sentenced Jackson under the career offender provision of the Sentencing Guidelines to 262 months' imprisonment. However, on May 7, 2004, Jackson obtained an order setting aside his conviction

for criminal recklessness, reducing his conviction to a Class A misdemeanor under Indiana law.

In 2007, the Sentencing Commission reduced the penalties for crack cocaine offenses by amending, and applying retroactively, § 2D1.1 of the Sentencing Guidelines. Under the amended Guidelines, a defendant convicted of an offense involving less than 4.5 kilograms of crack cocaine could be eligible for a retroactive, two-level reduction in base offense level. On March 28, 2008, Jackson moved the district court, under 18 U.S.C. § 3582(c)(2), to reduce his sentence. The district court denied the motion, finding that it had no authority to modify the sentence because Jackson was sentenced under the career offender provisions of the Guidelines, U.S.S.G. § 4B1.1, which were not amended, rather than on the basis of any crack cocaine quantities under the amended Guideline § 2D1.1. Jackson appealed.

## II. DISCUSSION

On appeal, Jackson contends that the district court erred in finding that he was ineligible for a sentencing reduction. Jackson essentially reasons that he is no longer a career offender as defined by statute, and thus, because the barrier which prevented his eligibility for the two-level reduction has been removed, his eligibility has been restored. We review de novo questions of law involving the interpretation of a Guideline provision. *United States v. Purchess*, 107 F.3d 1261, 1266 (7th Cir. 1997).

Generally, a district court has no power to modify a sentence once it has been imposed. 18 U.S.C. § 3582(c);

*United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006). However, Congress created a limited exception that allows a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). District courts only possess this authority when two conditions have been met. First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed.

Here, the district court properly found that it was without jurisdiction to reduce Jackson's sentence. Jackson correctly notes that, under the amended Guidelines, later given retroactive effect, the penalties for most crack cocaine drug offenses were reduced by two levels. Nevertheless, the amendment does nothing to lower Jackson's guideline range because Jackson was sentenced as a career offender and not under the amended Guidelines.

Jackson asserts, however, that his sentence can still be modified if we consider events which have arisen since the time of his initial sentencing. Jackson points our that his career offender status depended on a felony offense that was subsequently reduced to a misdemeanor. He also cites this Court's holding in *United States v. Smith*, 544 F.3d 781 (7th Cir. 2008), in which we

found that the crime of criminal recklessness no longer qualifies as a violent felony. According to Jackson, these developments entail that he is in reality not a career offender and should therefore be eligible for the same reduction as would one sentenced under the crack-cocaine Guidelines.

The government concedes, and we agree, that if *Smith* had been decided prior to Jackson's sentencing, he would not have qualified as a career offender. The problem for Jackson, of course, is that *Smith* was decided after his sentencing. The guideline range that applied to Jackson when he was sentenced was not lowered by the Sentencing Commission, which is a prerequisite for a district court to have authority to modify a sentence. Jackson's situation simply falls outside the limited exception providing a district court with jurisdiction to modify a sentence.

In an attempt to circumvent this unforgiving reality, Jackson advances three theories under which he believes his sentence could be retroactively amended. First, he claims that as a result of *United States v. Booker*, 543 U.S. 220 (2005), the career offender Guidelines are merely advisory and, therefore, the district court has the authority to conduct a new hearing and re-sentence him in accordance with the amended Guidelines. Second, he argues that because "he no longer qualifies" as a career offender, the district court could make limited findings of fact as to his prior record and find that he is not a career offender. Third, he contends that the district court could simply apply the amended Guidelines to

the factual findings the court made at the time of Jackson's original sentencing, when the court found that he was not a career offender, and re-sentence him accordingly.

Although creative, these arguments are without merit and can be disposed of in brief. First, although *Booker* changed federal sentencing law, it did nothing to alter Congress' limited grant of authority to district courts to modify sentences after they are imposed, which is precisely what Jackson suggests the district court now has authority to do. Second, the fact that Jackson's prior record would not now qualify him as a career offender unfortunately does not change the fact that he was sentenced as one. A district court cannot proceed under the illusion that Jackson was sentenced under different Guidelines than he actually was. Finally, a district court is also without authority to ignore factual findings it made in a precedential decision in favor of findings it made in a vacated decision.

Jackson seeks to use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence; he cannot do so. The career offender Guidelines have not been amended and, accordingly, Jackson's sentence falls outside the class of cases that a district court has jurisdiction to modify.

Because Jackson was not sentenced on the basis of a crack cocaine quantity but instead under the Guidelines' career offender provision, the district court properly denied his request for a restorative application of the amended Sentencing Guidelines.

For the foregoing reasons, we AFFIRM the judgment of the district court.