**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher ANFIELD, Defendant–Appellant.**

No. 09–3173.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 21, 2010.

Decided Jan. 21, 2010.

Daniel L. Bella, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Kerry C. Connor, Indiana Federal Community Defenders, Inc., Hammond, IN, for Defendant–Appellant.

Christopher Anfield, Terre Haute, IN, pro se.

Before JOHN L. COFFEY, Circuit Judge, JOEL M. FLAUM, Circuit Judge, MICHAEL S. KANNE, Circuit Judge.

### ORDER

Christopher Anfield pleaded guilty in 2005 to possessing five or more grams of cocaine base with intent to distribute. *See* 21 U.S.C. § 841(a)(1). After determining that he was a career offender, *see* U.S.S.G. § 4B1.1, the district court sentenced him to 168 months' imprisonment.

Anfield moved in 2008 to have his prison term reduced to 140 months. The November 2007 amendments to U.S.S.G. § 2D1.1 reduced the base offense levels for most crack cocaine offenses and had retroactive effect. *See* U.S. Sentencing Guidelines Manual, supp. to app. C, amends. 706, 711; U.S.S.G. § 1B1.10(c). Anfield argued that those amendments gave the district court authority to adjust his sentence under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In rejecting that contention, the district court ruled that Anfield's guidelines range was established by his status as a career offender—not by § 2D1.1—and thus § 3582(c)(2) did not apply, because his prison term was not based on a sentencing range thereafter lowered by the Commission.

Anfield filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Anfield did not respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel considers arguing that the district court erred in concluding that it could not reduce Anfield's sentence under § 3582(c)(2). But that provision is available only if the term of imprisonment was based on a sentencing range that has since been lowered. Anfield was sentenced as a career offender, and the amendments to § 2D1.1 provide him no benefit. *See United States v. Jackson,* 573 F.3d 398, 399–400 (7th Cir.2009); *United States v. Forman,* 553 F.3d 585, 589–90 (7th Cir.2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.