NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010
Decided January 21, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3173

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:05 cr 53 |
| CHRISTOPHER ANFIELD, *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

**O R D E R**

Christopher Anfield pleaded guilty in 2005 to possessing five or more grams of cocaine base with intent to distribute. *See* 21 U.S.C. § 841(a)(1). After determining that he was a career offender, *see* U.S.S.G. § 4B1.1, the district court sentenced him to 168 months' imprisonment.

Anfield moved in 2008 to have his prison term reduced to 140 months. The November 2007 amendments to U.S.S.G. § 2D1.1 reduced the base offense levels for most crack cocaine offenses and had retroactive effect. *See* U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C, amends. 706, 711; U.S.S.G. § 1B1.10(c). Anfield argued that those amendments gave the district court authority to adjust his sentence under 18 U.S.C.

§ 3582(c)(2), which permits a court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In rejecting that contention, the district court ruled that Anfield's guidelines range was established by his status as a career offender—not by § 2D1.1—and thus § 3582(c)(2) did not apply, because his prison term was not based on a sentencing range thereafter lowered by the Commission.

Anfield filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Anfield did not respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers arguing that the district court erred in concluding that it could not reduce Anfield's sentence under § 3582(c)(2). But that provision is available only if the term of imprisonment was based on a sentencing range that has since been lowered. Anfield was sentenced as a career offender, and the amendments to § 2D1.1 provide him no benefit. *See United States v. Jackson*, 573 F.3d 398, 399-400 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.