NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2010[*]
Decided November 18, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 10-2709

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | Central District of Illinois |
| | |
| *v.* | No. 03 CR 20057 |
| | |
| TONY T. CLARK, | Michael P. McCuskey, *Chief Judge* |
| *Defendant-Appellant*. | |

**O R D E R**

In 2004, Tony Clark was convicted of possessing 50 grams of cocaine base with intent to distribute it, *see* 21 U.S.C. § 841(a), and sentenced to life imprisonment. His sentence stemmed from the district court's conclusion that Clark was a career offender on account of two prior drug convictions. After factoring in his prior convictions and criminal history, the court sentenced him to a mandatory minimum term of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(iii), a sentence we affirmed on direct appeal, *see United States v. Clark*, 182 Fed.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

App'x. 540, 544 (7th Circuit 2006) (unpublished order).  Clark then petitioned unsuccessfully to vacate or set aside his sentence under 28 U.S.C. § 2255.  Most recently, Clark moved pro se to reduce his sentence under 18 U.S.C. § 3582(c)(2), citing Amendment 706, which reduced the base offense level by two levels for defendants sentenced under U.S.S.G. § 2D1.1 for offenses involving cocaine base.  U.S.S.G. app. C, amend. 706 (Supp. 2007).  Recognizing that Amendment 706 does not affect offenders like Clark who were sentenced as career offenders under U.S.S.G. § 4B1.1, the district court denied Clark's motion.  Likewise, the district court rejected Clark's attack on the two prior drug convictions used at sentencing to support his classification as a career offender.  Clark appeals.

On appeal, Clark concedes that because he was sentenced as a career offender Amendment 706 cannot assist him.  *See, e.g., United States v. Knox*, 573 F.3d 441, 450 (7th Cir. 2009) (Amendment 706 inapplicable to career offenders because amendment to U.S.S.G. § 2D1.1 does not lower U.S.S.G. § 4B1.1 guideline ranges).  Instead, he revives his attack on the underlying felony drug convictions that caused him to be sentenced as a career offender. For instance, he characterizes himself as "actually innocent" of being a career offender because his underlying convictions were insufficient to trigger the career offender provision of § 841(b)(1)(A)(iii).  But as the government notes, § 3582(c)(2)—limited as it is to those situations where the Sentencing Commission has made a retroactive change to an applicable guideline range—cannot serve as a vehicle to challenge Clark's prior drug convictions.  *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) (aspects of defendant's sentence unaffected by guideline amendments "are outside the scope of the proceeding authorized by § 3582(c)(2).")  Thus, Clark cannot use § 3582(c) to challenge the appropriateness of his original sentence.  *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005).  Indeed, a district court lacks subject matter jurisdiction to consider a defendant's § 3582(c)(2) request for a reduced sentence when, as is the case here, the defendant's sentencing range has not been subsequently lowered by the Commission.  *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam).  Thus, the district court was correct to reject Clark's attempt to relitigate the issue of his underlying drug convictions.  *Jackson*, 573 F.3d at 400; *cf. Custis v. United States*, 511 U.S. 485, 487 (1994) (defendant may not collaterally attack recidivist enhancement unless conviction obtained in violation of the right to counsel).  Likewise, as discussed above, Clark's status as a career offender places him outside the ambit of Amendment 706.  *E.g., Knox* 573 F.3d at 450.  We thus AFFIRM the judgment of the district court.