HLD-063 (December 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3812
_____

TONY T. CLARK-BEY,
                                                     Appellant
v.

UNITED STATES OF AMERICA; WARDEN RONNIE HOLT, USP Canaan
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01758)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges

(Opinion filed :  January 26, 2011)
_____

OPINION
_____

PER CURIAM.

        Tony Clark-Bey, proceeding *pro se*, appeals the order of the District Court

dismissing his petition under 28 U.S.C. § 2241.  Because the appeal does not present a

substantial question, we will summarily affirm.

In 2004, Clark-Bey was found guilty in the United States District Court for the Central District of Illinois of one count of possessing with intent to distribute more than fifty grams of cocaine base; because of prior convictions, he was sentenced to a mandatory term of life imprisonment. On direct appeal, he challenged both his conviction and life sentence, alleging *inter alia* that imposing a term of life "violate[d] the Eighth Amendment and his Sixth Amendment right to a jury trial." United States v. Clark, 182 Fed. Appx. 540, 541 (7th Cir. 2006), cert denied, 549 U.S. 937 (2006). The United States Court of Appeals for the Seventh Circuit affirmed the conviction and sentence. Id. at 544.

Following the Supreme Court's denial of certiorari, Clark-Bey pursued collateral relief by filing a motion under 28 U.S.C. § 2255 in the Central District of Illinois, alleging ineffective assistance of counsel and again challenging his sentence as unconstitutional. His motion was considered on the merits and denied. Clark v. United States, No. 07-2185 , 2008 U.S. Dist. LEXIS 47769 (C.D. Ill. June 20, 2008). A subsequent Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) was similarly unsuccessful. United States v. Clark, No. 03-CR-20057, 2010 U.S. Dist. LEXIS 64750 (C.D. Ill. June 30, 2010), aff'd, No. 10-2709, 2010 U.S. App. LEXIS 23899 (7th Cir. Nov. 18, 2010).

Clark-Bey then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania[1], attacking his life sentence as "illegal." He argued that the relevant statutory enhancement penalties for prior offenses do not contemplate state charges, which were erroneously used to determine his offender status, and claimed that his sentence was "jurisdictionally defective"; he further claimed to be "'actually innocent' of [his] sentence." The District Court dismissed the petition for lack of jurisdiction, holding that his claims were not cognizable in a § 2241 action. Clark-Bey appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm the District Court's decision if the appeal does not present a substantial question. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

A federal prisoner who challenges the validity of his conviction or sentence must pursue collateral relief by filing a motion under 28 U.S.C. § 2255 in the district court that imposed his sentence. See § 2255(a). A second or successive § 2255 motion must first be authorized by "a panel of the appropriate court of appeals." § 2255(h). While alternative relief by way of application for writ of habeas corpus is contemplated

---

[1] Clark-Bey is currently incarcerated in USP Canaan, located in Waymart, Pennsylvania, within the Middle District.

by § 2255(e), such a remedy is available only if a § 2255 motion would be "inadequate or ineffective to test the legality of [the] detention."  § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  We have emphasized that this "safety-valve" language in § 2255(e) is to be strictly construed, applying only in rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]."  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (observing also that § 2255 is not "inadequate or ineffective" merely because a "petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255").

In dismissing Clark-Bey's petition for lack of jurisdiction, the District Court observed that he was "clearly challenging" the validity of his federal sentence, which he must do "by following the requirements of § 2255. . . .  [and] obtain[ing] certification from the Seventh Circuit Court of Appeals."  Opinion 6.  Moreover, Clark-Bey did not show that he was within the Dorsainvil exception, and advanced an unconvincing argument of actual innocence.  Opinion 6–7.

We are in full accord with the reasoning of the District Court.  As the appeal does not present a substantial issue, we will summarily affirm the District Court's order.