NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011
Decided April 14, 2011

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3613

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:98-CR-38-LJM-KPF-04 |
| DENNIS JONES, | |
| *Defendant-Appellant*. | Larry J. McKinney, *Judge*. |

## O R D E R

Following a jury trial, Dennis Jones was convicted of conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to launder the proceeds of the drug conspiracy in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). At his sentencing hearing held on December 10, 1999, the court adopted the factual findings and United States Sentencing Guidelines application in the presentence investigation report for the amount of controlled substances and found that Jones was responsible for between 50 and 150 kilograms of powder cocaine and at least 1.5 kilograms of crack cocaine. Pursuant to U.S.S.G. § 2D1.1(d)(1) and the cross-reference to U.S.S.G. § 2A1.1, murder of a government informant, Jones was sentenced to life imprisonment.

Jones appealed. We affirmed his conviction but vacated his sentence and remanded to the district court for sentencing without application of the murder cross-reference. *United States v. Thompson*, 286 F.3d 950 (7th Cir. 2002). On November 15, 2002, the district court re-sentenced Jones to terms of 350 months' imprisonment for the drug conspiracy and 240 months' imprisonment for the money laundering conspiracy, to be served concurrently. During the re-sentencing the court stated that "I look at these Guidelines and I see that they take into account the amount of cocaine attributable to you. . . . Now, I do recall your activities in the conspiracy. They were not minor. They were important to the conspiracy." On January 28, 2008, Jones filed a *pro se* Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he should receive the benefit of the amended sentencing guideline for crack cocaine pursuant to Amendment 706 of the Guidelines, which was made retroactive. *See United States v. Neal*, 611 F.3d 399, 400 (7th Cir. 2010). The district court denied the motion, finding that "[b]ecause of the nature and quantity of drugs for which Dennis Jones is personally accountable, application of the retroactive Sentencing Guidelines Amendment 706 would not result in a lower guideline range." Jones appeals the denial and we now affirm the decision of the district court.

A district court's denial of a motion under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010). "A court abuses its discretion when it resolves a matter in a way that no reasonable jurist would, or when its decision strikes us as fundamentally wrong, arbitrary, or fanciful." *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009). And a district court is not authorized to modify a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) where the retroactive amendment would not lower the defendant's guideline range. *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). Here, Jones's original presentence investigation report and its 2002 supplemental addendum calculations, which Jones's counsel agreed to, set forth in detail Jones's involvement in the drug conspiracy for which he was convicted. He had a long-term and thorough involvement in the conspiracy. Jones stored the crack cocaine that his co-conspirator cooked in multi-kilogram quantities, transported loads of cocaine between California and Indiana, instructed others on how to make the trips, made six to eight trips with a co-conspirator between July 1996 and March 1997 alone where he picked up at least 10 kilograms of cocaine at a time, and on March 6, 1997, he was stopped in Kansas with approximately $305,000, which was sufficient to purchase approximately 15 kilograms of cocaine. The district court did not abuse its discretion in finding that the nature and quantity of drugs for which Jones was accountable was sufficient to remain at offense level 38, which makes him ineligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Therefore, the decision of the district court is

AFFIRMED.