NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012[*]
Decided May 2, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1106

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 06-CR-30111-01-WDS |
| JOHNNIE E. MOSLEY *Defendant-Appellant*. | William D. Stiehl, *Judge*. |

**O R D E R**

Johnnie Mosley appeals from the denial of his motion for a reduced sentence based on a retroactive amendment to the Sentencing Guidelines, *see* 18 U.S.C. § 3582(c)(2). Because the amendment does not apply to Mosley, we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Mosley pleaded guilty in 2006 to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and possession of crack cocaine with intent to deliver, *see* 21 U.S.C. § 841(a)(1). He was sentenced as a career offender, *see* U.S.S.G. § 4B1.1, to 262 months' imprisonment. The Sentencing Commission later retroactively amended U.S.S.G. § 2D1.1 to lower the base offense levels for certain crack offenses, *see* U.S.S.G. app. C at 253 (2011) (Amend. 713), and Mosley moved under § 3582(c)(2) to reduce his sentence. The district court denied the motion, concluding that Mosley's status as a career offender made him ineligible for a sentence reduction.

On appeal Mosley argues broadly that the Sentencing Commission should have extended the reach of its amendment to include those sentenced under the career-offender guideline. He also argues that the district court should have considered his post-sentencing rehabilitation before denying his motion. But whatever the merits of Mosley's arguments as a policy matter, the district court lacked authority to reduce his sentence because it had sentenced him based on his status as a career offender and not § 2D1.1. *See United States v. Guyton*, 636 F.3d 316, 318 (7th Cir. 2011); *United States v. Jackson*, 573 F.3d 398, 399–400 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009).

AFFIRMED.