NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 18, 2012[*]
Decided June 20, 2012

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| **No.** 12-1489 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| v. | No. 99 CR 561-5 James F. Holderman, *Chief Judge*. |
| KEVIN SNULLIGAN, *Defendant-Appellant*. | |

## Order

Kevin Snulligan, who is serving a term of 540 months' imprisonment for distributing drugs, asked the district court to reduce his sentence under recent retroactive changes to the sentencing tables for crack cocaine. The district judge denied this motion, and Snulligan appeals.

The district judge recalculated Snulligan's offense level using the retroactively applicable tables and concluded that it fell from level 38 to level 37. This did not do

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Snulligan any good, however, because both level 37 and level 38 give the same range (360 months to life) for someone with Snulligan's extensive criminal history. He observes that the offense level for the crack-cocaine offense, standing alone, fell from 38 to 34, which would have produced a lower sentencing range. But under the Guidelines a career offender is assigned a level of 37 when the level otherwise computed would be lower. U.S.S.G. §4B1.1(b)(1). That is why Snulligan's sentencing range remained at 360 months to life.

Snulligan contends that because his *offense level* fell with the retroactive change in the Guidelines, the judge could resentence him to any term within the range of 360 months to life. But 18 U.S.C. §3582(c)(2), which governs retroactive changes, provides that a district judge may reduce a sentence only when "defendant ... has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission" (emphasis added). Snulligan's offense level has been reduced, but his "sentencing range" has not, and the district court therefore correctly concluded that Snulligan is ineligible for a lower sentence. See *United States v. Guyton*, 636 F.3d 316, 318 (7th Cir. 2011); *United States v. Jackson*, 573 F.3d 398, 399–400 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009).

AFFIRMED