NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013[*]
Decided July 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1596

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-CR-20038 |
| SYLVESTER HICKS, *Defendant-Appellant.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Sylvester Hicks appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his prison sentence based on a retroactive decrease in the base offense levels for crack-cocaine offenses. But that change did not benefit Hicks because his imprisonment range was calculated under the career-offender guideline. We thus affirm the judgment.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2007 Hicks pleaded guilty to one count of possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1) (2006 & Supp. I 2007). The district court found that Hicks was accountable for 50 to 150 grams of crack, which at that time corresponded to a base offense level of 30 under the Chapter 2 guideline presumptively applicable to violations of § 841(a)(1). *See* U.S.S.G. § 2D1.1(c)(5) (2007). But his lengthy criminal history made Hicks a career offender, which meant instead a base offense level of 37, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006 & Supp. I 2007); U.S.S.G. § 4B1.1(b)(A) (2007). After a 3-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1 (2007), Hicks's total offense level of 34 and criminal history category of VI yielded a guidelines imprisonment range of 262 to 327 months. The district court imposed a sentence of 262 months.

In 2012 Hicks filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on amendments 748 and 750 to the guidelines, which together retroactively lowered the offense levels for most crack offenses. *See* U.S.S.G. App. C, Vol. III 374–85, 391–98 (2011). His appointed attorney moved to withdraw, explaining that Hicks was sentenced under the career-offender guideline, which had not been amended or otherwise affected by any amendment. The district court agreed, granted the attorney's motion to withdraw, and denied Hicks's § 3582(c)(2) motion.

On appeal Hicks presents a very different contention. As we understand his brief, Hicks now argues that he is eligible for a sentence reduction because, he asserts, the district court at his sentencing in 2007 failed to recognize its discretion to disagree with the imprisonment range that resulted from applying the career-offender guideline. But, even if the sentencing court did make that mistake, Hicks could not bring the claim in a motion under § 3582(c)(2), which concerns only post-sentencing amendments promulgated and made retroactive by the Sentencing Commission. *See Dillon v. United States*, 130 S.Ct. 2683, 2694 (2010); *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009). The amendments did not change the career-offender guideline, which the district court used to calculate the imprisonment range. Because Hicks was not "sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he was ineligible for a reduction in his sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011); *United States v. Guyton*, 636 F.3d 316, 318–19 (7th Cir. 2011).

AFFIRMED