In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2091

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES R. ROBINSON, IV,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 97 CR 30025 — **Richard Mills**, *Judge.*

SUBMITTED JANUARY 19, 2016 — DECIDED FEBRUARY 22, 2016

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* In 1997 the defendant was indicted for possessing cocaine and cocaine base with the intent to distribute (count 1), distributing cocaine base (count 2), and possessing just cocaine base with intent to distribute (count 3), all in violation of 21 U.S.C. § 841(a)(1). A jury convicted the defendant on all three counts, and in 1998 the district court sentenced him to consecutive prison sentences of 40

years on counts 1 and 3 and 20 years on count 2, for a total of 100 years—effectively a life sentence, which we upheld in *United States v. Robinson*, 250 F.3d 527 (7th Cir. 2001), following earlier decisions in the case, cited in *id*. at 528–29.

Thirteen years later the Sentencing Commission promulgated Amendment 782 to the guidelines, which retroactively reduced the base offense level for the defendant's crimes from 43 to 42. The effect was to change the recommended guidelines sentence from life to 30 years to life. The defendant accordingly moved the district court to reduce his sentence, and the judge did, imposing 30 years on counts 1 and 3 and 20 years on count 2, with all three sentences to run consecutively, making the total sentence 80 years.

In reducing the sentence only from 100 to 80 years, the district judge was under the impression that he had to make the sentences on the three counts consecutive—that he could not make them concurrent. He was mistaken. When Robinson was first sentenced, his recommended guideline sentence was longer (life, as we said) than the maximum permissible sentence on any one count. The judge thus had to make the sentences on the individual counts consecutive in order to get as close to a life sentence as he could. See U.S.S.G. § 5G1.2(d). As a result of Amendment 782, however, the low end of the defendant's guidelines range—30 years—dropped below the statutory maximum for any single count (40 years), and if a judge wants to sentence a defendant at the bottom of the new guidelines range he can do so by imposing sentences not exceeding 30 years on each count and making all the sentences run concurrently, as authorized by U.S.S.G. § 5G1.2(c)—80 years is not the floor. Indeed the sentencing guidelines, both when the defendant was first sen-

tenced and now, state that "if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment [i.e., the overall length of imprisonment that the judge thinks just], then the sentences on all counts *shall* run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(c) (emphasis added).

What Amendment 782 would not have allowed the judge to do would have been to reconsider any feature of the original sentence that he had imposed other than its length, such as whether the defendant qualified as a career offender. *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013). But the change in the applicable guideline provision empowered the judge to invoke U.S.S.G. § 5G1.2(c) and make the three sentences concurrent rather than consecutive. Unfortunately, but not irrevocably, the defendant's lawyer had misinformed the judge that the three sentences had to run consecutively. In fact they could be made concurrent; and if so, since the longest sentence was 30 years, that would be the defendant's total sentence.

The judgment must therefore be vacated and the case remanded to enable the judge to decide whether to alter the defendant's sentence. The defendant, who has been pro se in this appeal, would undoubtedly benefit from assistance of counsel on remand. Although the Criminal Justice Act does not authorize the appointment and compensation of a lawyer for the defendant in a proceeding based on a retroactive change in the applicable guidelines, *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), district judges can if they want try to recruit pro bono counsel, who donate their time rather than selling their services to the judiciary, to represent an

indigent defendant. We urge the district judge to consider doing so in this case.

REVERSED AND REMANDED