**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 5, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1512

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | 1:11CR00083-001 |
| CHARLES T. BLACK, JR., *Defendant-Appellant.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Charles T. Black, Jr., a federal inmate, appeals the denial of his post-judgment motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) because of changes in the sentencing guidelines. Because he waived his right to challenge his sentence, we affirm.

As part of a plea agreement, Black pleaded guilty to possessing a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and waived his right to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

contest or seek to modify his sentence in any type of proceeding, including direct appeals and challenges brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

Years later, Black moved to reduce his sentence, contending that recent changes to the guidelines under Amendment 782 entitled him to a two-level reduction. The district court denied Black's motion, finding that Black was ineligible for a sentence reduction under Amendment 782 because he was sentenced as a career offender.

On appeal, the government argues that we should affirm the district court's order because Black waived his right to contest his sentence. Black argues that the government waived waiver in the district court by not discussing it in its response to his § 3582(c)(2) motion. We disagree. "We will enforce an appellate waiver so long as the record clearly demonstrates that it was made knowingly and voluntarily." *United States v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018) (internal citations omitted). In the plea agreement and at sentencing, Black confirmed that he understood he was waiving his right to challenge his conviction or sentence if the court accepted the agreed-upon sentence of 180 months, which it did.

Regardless of whether Black waived his right to file a § 3582(c)(2) motion, the district court properly denied the motion. Amendment 782 does not apply to career offenders. *United States v. Robinson*, 812 F.3d 1130, 1131 (7th Cir. 2016); *accord United States v. Akers*, 892 F.3d 432, 434 (D.C. Cir. 2018). Black argues that he was not sentenced as a career offender, but this is incorrect. At the sentencing hearing, the district judge, adopting the presentence investigation report, explained that Black was a career offender based on his prior offenses of resisting law enforcement and dealing in cocaine. *See* Doc. 100, Sentencing Hr'g Tr., at 18–19. He is therefore ineligible for a sentence reduction under Amendment 782. To the extent Black argues that he no longer qualifies as a career offender, a § 3582(c)(2) motion is not the proper vehicle to challenge a career-offender designation. *See Dillon v. United States*, 560 U.S. 817, 831 (2010); *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009).

We have considered Black's remaining arguments, and none has merit.

AFFIRMED