NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021[*]
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1200

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-30-2-JPS |
| ERNEST F. CLARK, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Ten years into his 162-year sentence for armed robbery, Ernest Clark sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his health conditions—including cancer and asthma—and his elevated risk for complications from COVID-19. Accepting that Clark's health risk was extraordinary and compelling, the district court nonetheless denied his motion. It permissibly reasoned that the sentencing factors

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

under 18 U.S.C. § 3553(a)—namely, the seriousness of the offense and time remaining on his sentence—weighed against release. We therefore affirm the judgment.

Clark entered prison in 1992. He was sentenced to 188 months in prison for armed bank robbery, 18 U.S.C. § 2113(a), (d), and using a firearm to further a crime of violence. *Id.* § 924(c). About a decade later, while on supervised release, Clark resumed bank robbery. Over time he robbed six banks, each time pointing a handgun at bank employees and threatening to shoot. He was charged with six counts of armed bank robbery, § 2113(a), and six counts of brandishing a firearm during a crime of violence. § 924(c). A jury disbelieved Clark's testimony denying that he had robbed the banks or knew his co-defendant, and it convicted him on all counts. He was sentenced in 2012 to 1,951 months (about 162 years) in prison. Clark appealed his convictions (though not his sentence), and we affirmed. *United States v. Clark*, 754 F.3d 401 (7th Cir. 2014). He is now incarcerated at the Federal Correctional Institution in Butner, North Carolina.

Clark first sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in March 2020 based on his "unreasonably long" sentence. He argued that, during oral argument in his direct appeal, one judge on the panel called the length of Clark's sentence "ridiculous" and posited that the government "can't really think that a life sentence is appropriate in a case like this." Clark also mentioned that he had adverse health conditions, including asthma and cancer, that warrant his early release.

The district judge denied the motion. The judge explained that Clark's sentence was based on a proper application of § 924(c)(1)(c), which provides that, because Clark had a prior § 924 conviction, each of his six convictions under that statute mandated a consecutive, statutory minimum term of 25 years. Because Clark's sentence was properly calculated and would be the same today as when it was assessed, it provided no extraordinary and compelling reason for release. Regarding Clark's health problems, the judge stated that "Clark may submit another motion" because "at this juncture, the court does not have a complete, up-to-date record of Clark's medical history nor anything … that might instruct the court as to the gravity of Clark's risk at the moment." Clark did not appeal.

Following the judge's invitation, Clark moved again for compassionate release in September 2020. He argued that his obesity, asthma, and ongoing complications from prostate cancer increased his risk of death from COVID-19, which he asserted he was likely to contract in prison. FCI-Butner, he continued, was overrun with cases of the virus and could not adequately treat his medical conditions. Further, he maintained, his

release would not endanger the community because in his 10 years in prison he had incurred only one, minor disciplinary offense (missing his flu shot), and his age (fifties) and poor health made it unlikely that he would reoffend.

The judge denied the renewed motion. He accepted that Clark's vulnerability to COVID-19 was an extraordinary and compelling reason to reduce his sentence but concluded that the § 3553(a) factors counseled against doing so. The judge noted Clark's age, poor health, and nearly spotless discipline record. But his crimes—"a string of *serious, violent* felonies spanning over multiple years" (emphasis in original)—as well as Clark's obstruction of justice during trial, his "pattern of returning to crime," and that he is "a mere ten years into his … 162-year sentence" weighed against release. On balance, the judge ruled, Clark's continued incarceration was needed to reflect the seriousness of his crimes and promote respect for the law.

On appeal, Clark challenges the denial of his renewed motion for compassionate release. He first argues that the judge improperly weighed the § 3553(a) factors by failing to consider that FCI-Butner could not fully treat Clark's health problems and that his prison record meant that he no longer posed a threat to society. The government responds that the judge reasonably balanced the § 3553(a) factors to deny the motion.

The district judge appropriately exercised his discretion to deny Clark's motion. The judge acknowledged that Clark's age, poor health, clean disciplinary history, and the threat posed by COVID-19 created an extraordinary and compelling reason for release. But under 18 U.S.C. § 3582(c)(1)(A)(i), a court may release a prisoner for compassionate reasons only if, "after considering the factors set forth in section 3553(a)," it finds extraordinary and compelling reasons to do so. Because of the importance of the § 3553(a) factors, courts are not required to release all inmates with extraordinary and compelling health concerns. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Here, the judge permissibly concluded that, in light of Clark's violent bank robberies, his discredited testimony proclaiming innocence, his recidivism, and the time remaining on his long sentence, the factors of promoting respect for the law, deterrence, and just punishment counseled against early release. *See* § 3553(a)(1), (a)(2)(A)–(B); *Saunders*, 986 F.3d at 1078.

Clark next argues that the judge erred by not adequately considering as a reason favoring early release Clark's lengthy sentence of over 160 years in prison. In his view, his prison term is unfair and requires reduction because his co-defendant's sentence is much shorter and a judge at oral argument called the sentence "ridiculous."

Clark's contention fails for at least three reasons. First, he did not raise it when arguing his renewed motion in the district court, so it is waived. *See Hess v. Bresney*, 784 F.3d 1154, 1161 (7th Cir. 2015). True, he originally moved for compassionate release based on the length of his sentence, but Clark's notice of appeal, which he placed in the prison's mail system on January 21, 2021, is timely only with respect to the denial of his second motion, which occurred on January 14, 2021. *See* FED. R. APP. P. 4(b) (defendant must file notice of appeal within 14 days of entry of order appealed). Second, a judge may consider as a factor weighing *against* release the fact that the defendant has served only a small fraction of his sentence. *See Saunders*, 986 F.3d at 1078. The judge therefore reasonably rejected Clark's argument that his long sentence *favored* early release. Third, the basis of the argument is flawed. Clark relies on a comment by one judge during oral argument on direct appeal, but that comment is not the court's opinion, which did not criticize the sentence. *See Clark*, 754 F.3d at 401. Moreover, though Clark could have argued on direct appeal that his sentence was too long relative to his co-defendant's, he did not. *See id.* Clark may not now use § 3582(c) to challenge the appropriateness of the original sentence. *See United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009).

AFFIRMED